IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| RIGOBERTO PORTILLO | § | |
| v. | § | CIVIL ACTION NO. 5:12cv92 |
| UNITED STATES OF AMERICA | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE ON PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT

The Plaintiff Rigoberto Portillo, an inmate of the Federal Correctional Institution in Texarkana, Texas proceeding *pro se*, filed this civil action under the Freedom of Information Act complaining that he has not been provided with certain information which he seeks. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Portillo was ordered to pay the statutory filing fee or to submit an application for leave to proceed *in forma pauperis* accompanied by a certified inmate trust account data sheet, as required by 28 U.S.C. §1915(a)(2). When he did not comply with this order, his lawsuit was dismissed without prejudice for failure to prosecute or to obey an order of the Court.

Portillo then filed a motion to alter or amend the judgment under Rule 59(e), Fed. R. Civ. P. This was accompanied by a document entitled "Judicial Notice of Fraudulent Reports by Magistrate Judge." In these pleadings, Portillo argues he is a citizen of El Salvador who is wrongfully imprisoned by "vested interests" in the Fourth Circuit, including a federal district judge, the prosecutors, and his defense counsel. He complains that mail from him has been obstructed and the court should have provided counsel for him. Portillo also argues that: the Prison Litigation Reform Act only applies to "non-meritorious litigation," which his is not; the case should be transferred to

1

Washington D.C.; sanctions should be imposed upon the Defendants; and, if he is not appointed counsel, he should be provided with "financial assistance" so that he can hire counsel on his own.

After review of the pleadings, the Magistrate Judge issued a Report recommending Portillo's motion to alter or amend the judgment be denied. The Magistrate Judge determined that the Prison Litigation Reform Act, including the filing fee requirement, applied to Portillo's case and the remainder of Portillo's contentions lacked merit.

In his objections to the Magistrate Judge's Report, Portillo states that the Report "is refused for fraud for reasons all too obvious that are therefore not necessary to get into." He points out he filed a "financial affidavit," but as the Magistrate Judge observed, this is not the same as a certified inmate trust account data sheet. Portillo cites a 1994 case from the District of Columbia Circuit in which he claims a "financial affidavit" such as he provided was acceptable, but this case pre-dates enactment of the Prison Litigation Reform Act, which imposed the trust fund account statement requirement.

Portillo also alleges that on one occasion, the clerks in the law library knew nothing about inmate trust account data sheets; however, the Court routinely receives lawsuits from the Federal Correctional Institution in Texarkana which include such data sheets. Portillo does not show that he made more than one effort to obtain the data sheet. Finally, Portillo argues that "this foreigner has no control where the DOJ transfers him or subjects him to their warehousing scheme as necessary to their program of denial and cover-up in political prosecutions, so the Circuit law is irrelevant in this case, especially in the negative." His claim that Fifth Circuit law is irrelevant to his case is without merit.

The Magistrate Judge correctly determined that the filing fee requirements of the PLRA apply to Portillo's case, but that Portillo did not comply with an order of the Court that he pay the statutory filing fee or furnish a certified inmate trust account data sheet, as required by 28 U.S.C. §1915(a)(2). Portillo's arguments fail to demonstrate good cause for his failure to comply.

Furthermore, Portillo has not shown a manifest error of law or fact in the judgment dismissing his lawsuit or that he has newly discovered evidence showing that this judgment was in error, as is required for the granting of a motion to alter or amend the judgment. *See* Rosenzweig v. Azurix Corp., 332 F.3d 854, 863-64 (5th Cir. 2003). Portillo's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 11) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's motion to alter or amend the judgment (docket no. 9) is hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 29th day of May, 2013.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE